# LEASON ELLIS



One Barker Avenue, Fifth Floor
White Plains, New York 10601
t. 914.288.0022
f. 914.288.0023

April 15, 2015

Melvin C. Garner
Partner
garner@leasonellis.com

VIA ECF

The Honorable Kenneth M. Karas
United States District Judge, S.D.N.Y.
300 Quarropas Street, Chambers 533
White Plains, New York 10601

## MEMO ENDORSED

Re: *ScentSational Technologies, LLC v. PepsiCo, Inc., et al.,*
C.A. No.: 13-cv-8645 (KMK) (LMS) (SDNY)
and
*Ricky Kamden-Ouaffo, PhD v. PepsiCo Inc. et al*
CA. No. 7:14-cv-227 (KMK) (SDNY)

Dear Judge Karas:

We are counsel for Plaintiff ScentSational Technologies, LLC ("ScentSational") in civil action No. 13-cv-8645. The Plaintiff in civil action No. 14-cv-0227, Dr. Ricky Kamden-Ouaffo, ("Ouaffo") moved to join our case with his in a letter Motion of March 24, 2014. That motion was denied by this Court at a hearing on May 15, 2014. DKT 32.

In a more recent letter Motion dated March 23, 2015, Ouaffo requested the permission of the Court to file a Second Amended Complaint in the '0227 action naming ScentSational and its founder, Steven Landau ("Landau") as defendants along with PepsiCo and two of its employees ("Pepsi Defendants"). DKT 51. On April 3, 2015, in a note endorsed on Ouaffo's letter, the Court directed the PepsiCo defendants to respond to the letter motion by April 16, 2015.

However, rather than wait for a decision on the motion, Ouaffo served the Second Amended Complaint on ScentSational and Landau on April 3, 2015. DKT 54 and 55. At paragraph 153 of the Second Amended Complaint Ouaffo appears to allege that the filing was authorized by this Court. It was not until today that ScentSational learned that the complaint had been served without the Court's permission.

The Pepsi Defendants submitted a letter to the Court dated April 13, 2015 objecting to the filing of the Second Amended Complaint and setting forth reasons why this Second Amended Complaint should be dismissed with prejudice. DKT 56. As an alternative to dismissal, the Pepsi Defendants seek a pre-motion conference.

ScentSational requests that the Second Amended Complaint be dismissed against it as not being authorized. If a pre-motion conference is granted in the 0227 case, ScentSational requests that it be allowed to participate and that it be given until April 24, 2015, the purported due date for its Answer to the Second Amended Complaint, to file a substantive response to Ouaffo's motion.

In addition to the reasons given by the PepsiCo Defendants for objecting to the Second Amended Complaint, ScentSational has other grounds which it can present if permitted to submit

{10176/609189-000/01299830.1} Active 17333856.3

Case 7:14-cv-00227-KMK Document 57 Filed 04/15/15 Page 2 of 2

LEASON ELLIS

Letter to The Honorable Kenneth M. Karas
April 15, 2015
Page 2

a substantive response. For example, Ouaffo seeks a constructive trust and/or a correction of inventorship for U.S. Patent Publication No. 2013/0056551. Inventorship of the subject matter of this publication is one of the bases for Ouaffo's allegations against ScentSational. However, that application was abandoned by PepsiCo without any patent issuing. Therefore there is no intellectual property that remains over which Ouaffo can seek ownership.

             Respectfully submitted,

             Melvin C. Garner

cc:  All counsel of record (via ECF)
   Ricky Kamdem-Ouaffo (via email at rickykamer@gmail.com)

*[Handwritten note:]* Those who wish to move to dismiss Mr. Kamdem-Ouaffo's Second Amended Complaint may file, if they have not already, a pre-motion letter by April 30, 2015. Mr. Kamdem-Ouaffo is to respond by May 7, 2015. The Court will hold a pre-motion conference on May 14, 2015, at 3:30.

So Ordered

4/17/15

{10176/609189-000/01299830.1}    2