UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICKY KAMDEM-OUAFFO, PhD., <br>     *Plaintiff*, <br><br>     v. <br><br> PEPSICO INC., DR. PETER S. GIVEN JR., DR. NAIJIE ZHANG, JOHN DOE and/or JANE DOE, <br>     *Defendants*. | Civil Action No. 7:14-CV-227-KMK <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR INTERVENTION AND/OR CONSOLIDATION**

BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
Tele:  (212) 408-2500
Fax:  (212) 408-2501

*Attorneys for Defendants PepsiCo, Inc.,
Dr. Peter S. Given Jr., and Dr. Naijie Zhan*

Defendants submit this memorandum of law in opposition to Plaintiff's Cross-Motion to Intervene and/or Consolidate ("Motion"), Dkt. 84, 85.[1]  For the following reasons, Plaintiff's Motion should be denied.

## INTRODUCTION

The substance of Plaintiff's Motion appears to hinge on his claim of inventorship of U.S Patent No. 8,474,637.  Motion at 6-7.  Defendants do not dispute that this case and the 13-cv-8645 action involve a "common question of fact or law," and that Plaintiff "claims an interest relating to the property or transaction that is the subject of th[e] action" that would, in other cases, make intervention or consolidation potentially appropriate under Rules 24 or 42.  However, in this case, neither intervention nor consolidation would be appropriate.

### I. Intervention in the 13-cv-8645 case should be denied.

#### A. Plaintiff filed his motion to intervene in the wrong action.

As an initial matter, Plaintiff's application for intervention under Rule 24(a) is improper because he filed his Motion in an action in which he is already a party.  If Plaintiff would seek to intervene in Civil Action No. 13-cv-8645, he should file his motion in that case.

#### B. Plaintiff's motion to intervene is untimely.

Moreover, intervention is inappropriate in this case because Plaintiff's application is untimely.  "If [a motion to intervene] is untimely, intervention must be denied." *NAACP v. New York*, 413 U.S. 345, 365, (1973).  "The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion. *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594-95 (2d Cir. 1986).  "The district court . . . should base its determination upon all of the circumstances of the case." *Id.* at 595.  Here, Plaintiff's motion to intervene is untimely at least

---

[1] Plaintiff originally filed his Cross-Motion together with his Opposition to Defendants' Motion to Dismiss and his Motion to Amend his Complaint, along with related documents, as a single filing.  *See* ECF No. 79.

1

because the 13-cv-8645 action has been pending since 2013.  Indeed, Plaintiff commenced this action less than two months after the 13-cv-8645 action began, and only now seeks to intervene.  Allowing Plaintiff to intervene at this stage in the 13-cv-8645 action would disrupt that proceeding and likely result in significant multiplication of litigation in that case.

## II.     Plaintiff's motion to consolidate should be denied.

Regarding Plaintiff's motion to consolidate, unlike intervention, consolidation is not granted as of right.  *See* Fed. R. Civ. P. 42(a) ("[T]he court *may* . . . consolidate the actions . . . ." (emphasis added)).  The purpose of the consolidation rule is to prevent delay and expense associated with separate actions.  *Reines Distributors, Inc. v. Admiral Corp.*, 257 F. Supp. 619, 620 (S.D.N.Y. 1965).  In this case, however, consolidating the cases would only cause additional delay and expense to the parties.  Plaintiff's claims are meritless and may soon be dismissed with prejudice.  *See generally* Mot. Dismiss Pla.'s 2d Am. Compl., Dkt. 76.  If the Court grants Defendants' motion to dismiss Plaintiff's second amended complaint, as it granted Defendants' initial motion to dismiss, *see* Dkt. 50, Plaintiff's motion to intervene or consolidate would be moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied.

Dated: July 29, 2015

Respectfully submitted,

/s/ Robert L. Maier
Robert L. Maier
Richard B. Harper
Jennifer C. Tempesta
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-2500

*Attorneys for Defendants*