UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICKY KAMDEM-OUAFFO,

                Plaintiff,

   v.

PEPSICO, INC. and ITS AFFILIATES, DR.
PETER S. GIVEN, JR., DR. NAIJIE
ZHANG, SCENTSATIONAL
TECHNOLOGIES LLC, STEVEN M.
LANDAU, JOHN DOE and/or JANE DOE,

                Defendants.

Case No. 14-CV-227 (KMK)

OPINION & ORDER

---

Appearances:

Ricky Kamdem-Ouaffo, PhD
New Brunswick, NJ
*Pro se Plaintiff*

Robert L. Maier, Esq.
Jennifer C. Tempesta, Esq.
Richard B. Harper, Esq.
Baker Botts LLP
New York, NY
*Counsel for Defendants Pepsico, Inc., Dr. Peter S. Given, Jr., and Dr. Naije Zhang*

Melvin C. Garner, Esq.
Cameron S. Reuber, Esq.
Lauren B. Sabol, Esq.
Leason Ellis LLP
White Plains, NY
*Counsel for Defendants ScentSational Technologies LLC and Steven M. Landau*

Joel B. Rothman, Esq.
Seiden, Alder & Matthewman, P.A.
Boca Raton, FL
*Counsel for Defendant ScentSational Technologies LLC*

KENNETH M. KARAS, District Judge:

Pro se Plaintiff Ricky Kamdem-Ouaffo ("Plaintiff") initially filed this Action in January 2014 against Pepsico, Inc. ("PepsiCo"), Dr. Peter S. Given, Jr. ("Dr. Given"), Dr. Naijie Zhang ("Dr. Zhang"), and John Doe and/or Jane Doe (collectively, "PepsiCo Defendants"), arguing principally that those Defendants had fraudulently commandeered his intellectual property. (Dkt. No. 1). Plaintiff subsequently filed his Second Amended Complaint in March 2015, adding ScentSational Technologies LLC ("ScentSational") and Steven M. Landau ("Landau") as Defendants (collectively, "ScentSational Defendants"). Before the Court is Plaintiff's Motion to Intervene and/or Consolidate ("Motion"), in which he seeks intervention in ScentSational's pending lawsuit against PepsiCo ("ScentSational Suit") and/or consolidation of the instant Action with that case. For the reasons discussed below, Plaintiff's Motion is denied in its entirety.

## I. Background

Although the Court assumes the Parties' general familiarity with the factual and procedural background, the Court will briefly summarize the facts most salient to the Motion.

### A. The Instant Action

Plaintiff filed the instant Action on January 31, 2014, naming PepsiCo, Dr. Given, and Dr. Zhang as Defendants. (Compl. (Dkt. No. 1).) On March 14, 2014, Plaintiff filed his First Amended Complaint, alleging 13 causes of action arising out of his employment at PepsiCo. (Am. Compl. ("FAC") (Dkt. No. 9).) PepsiCo Defendants filed their Motion to Dismiss and supporting papers on June 6 and June 9, 2014. (Dkt. Nos. 34–35, 37.) On July 9, 2014, Plaintiff submitted a "Notice of Counterclaim . . . in Support of the Denial of the Defendants' Motion to Dismiss" as well as an Affidavit and Memorandum of Law in support of that submission. (Dkt.

Nos. 41–43.)  Along with these papers, Plaintiff also submitted a Proposed Amended Complaint that added ScentSational and Landau as Defendants while alleging virtually identical conduct as alleged against PepsiCo Defendants in the Complaint and FAC.  (Pl.'s Mem. of Law in Supp. of Pl.'s Countercl. and in Supp. of Denial of Defs.' Mot. To Dismiss ("Pl.'s Mem.") Ex. 1 ("Revised FAC") (Dkt. No. 43).)[1]  PepsiCo Defendants filed their Reply on August 8, 2014.  (Dkt. No. 46.)

Without accepting the Revised FAC for filing but nonetheless considering its allegations, the Court dismissed Plaintiff's FAC without prejudice on March 9, 2015.  (Opinion & Order (Dkt. No. 50).)[2]  In that Opinion and Order, the Court granted Plaintiff leave to file a Second Amended Complaint "that specifically addresses the deficiencies identified" as well as to "renew his request to join ScentSational . . . and . . . Landau and file claims against them."  *Kamdem-Ouaffo*, 2015 WL 1011816, at *18.

On March 25, 2015, Plaintiff filed his Second Amended Complaint against Defendants, principally alleging unlawful appropriation of "patentable intellectual property conceived and

---

[1] Plaintiff had previously filed a letter requesting permission to join ScentSational and Landau as co-defendants, (Letter from Plaintiff to Court (March 24, 2014) (Dkt. No. 18)), which this Court expressly declined to rule on its Opinion and Order dismissing Plaintiff's FAC, *Kamdem-Ouaffo v. Pepsico, Inc.*, No. 14-CV-227, 2015 WL 1011816, at *7 (S.D.N.Y. Mar. 9, 2015).

[2] Because PepsiCo Defendants reviewed and responded to Plaintiff's Revised FAC in their Reply, (*see generally* Dkt. No. 46), the Court chose to consider the claims contained therein, together with those contained in the FAC.  *See Paul v. Bailey*, No. 09-CV-5784, 2013 WL 2896990, at *5 (S.D.N.Y. June 13, 2013) (considering "factual allegations made by [the] pro se [p]laintiff in [the plaintiff's] opposition papers" because they were "consistent with those in the initial complaint and amended complaints" (italics omitted)); *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 448 (S.D.N.Y. 2012) ("[B]ecause a pro se plaintiff's allegations must be construed liberally[,] it is appropriate for a court to consider factual allegations made in a pro se plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint." (italics omitted)).

developed" by Plaintiff.  (Second Am. Compl. ("SAC") ¶ 6 (Dkt. No. 52).)  Pursuant to a briefing schedule set by the Court on May 11, 2015, (Dkt. No. 71), ScentSational Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint and supporting papers on June 15, 2015. (Dkt. Nos. 72–74.)  Also on that date PepsiCo Defendants filed their separate Motion to Dismiss Plaintiff's Second Amended Complaint and supporting papers.  (Dkt. Nos. 75–77.)  Plaintiff filed the instant Motion on July 21, 2015, (Mot. Pursuant to Fed. R. of Civ. P. 24(a) & 42(a) ("Mot.") (Dkt. No. 84)), along with a "Memorandum of Law in Support of Cross-Motion for Intervention . . . and/or Consolidation" and a "Memorandum of Law in Support of the Denial of the PepsiCo Defendants' Motion to Dismiss."  (Dkt. Nos. 84–86.)  Without the Court's leave, Plaintiff submitted a Proposed Second Amended Complaint With More Definitive Statements that same day.  (Mot. to Am. Compl. ("Revised SAC") (Dkt. No. 81).)  Defendants submitted separate Memoranda of Law in Support of their Motions to Dismiss on July 29, 2015. (Dkt. Nos. 87–88.)  That same day, PepsiCo Defendants filed their Memorandum of Law in Opposition to Plaintiff's Motion to Intervene and/or Consolidate.  (Defs.' Mem. of Law in Opp'n to Pl.'s Mot. to Intervene and/or Consolidate ("Defs.' Opp'n") 1 (Dkt. No. 89).)

In a separate Opinion, the Court has granted the Motions to Dismiss as to all claims against all Defendants in this case.

  B. The ScentSational Suit

On December 5, 2013, ScentSational commenced a suit against PepsiCo, Pepsi-Cola Technical Operations, Inc., Stokely-Van Camp, Inc., The Quaker Oats Company, and Tropicana Products, Inc., based on their alleged misappropriation, disclosure, and use of ScentSational's trade secrets and other confidential information to pursue and obtain patents for their benefit. (Dkt. No. 1 (No. 13-CV-8645 Dkt.).)  Pursuant to a scheduling order set by this Court, (Dkt. No.

24 (No. 13-CV-8645 Dkt.)), PepsiCo and its affiliates filed a motion to dismiss and supporting papers on June 6, 2014, (Dkt. Nos. 28–30 (No. 13-CV-8645 Dkt.)).

On July 1, 2014, prior to resolution of that motion, ScentSational filed an amended complaint against those same defendants, claiming (i) misappropriation of trade secrets, (ii) breach of contract, (iii) unfair competition, (iv) unjust enrichment, (v) the imposition of constructive trusts upon certain patent applications and an issued patent, and (vi) the correction of inventorship of an issued patent. (Dkt. No. 33 (No. 13-CV-8645 Dkt.)). The Court entered a case management and scheduling order on October 16, 2013, (Dkt. No. 41 (No. 13-CV-8645 Dkt.)), and the defendants accordingly filed their answer on October 22, 2014, (Dkt. No. 43 (No. 13-CV-8645 Dkt.)). The Court then referred the case to Magistrate Judge Lisa Margaret Smith to oversee discovery, non-dispositive pretrial motions, and settlement. (Dkt. No. 43 (No. 13-CV-8645 Dkt.).) Pursuant to an amended case management and scheduling order entered on October 7, 2015, the parties were instructed to submit dispositive motions no later than January 14, 2016. (Dkt. No. 76 (No. 13-CV-8645 Dkt.).)

## II. Discussion

A. Intervention

1. Applicable Law

Federal Rule of Civil Procedure 24 permits a party to intervene in ongoing litigation as of right or by permission of the court.[3] In seeking intervention under this Rule, the proposed

---

[3] A court must permit a timely application to intervene where the moving party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may . . . impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).
   As for permissive intervention, the court may permit a timely application to intervene where the moving party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

5

intervenor bears the burden of demonstrating that it meets the requirements for intervention. *See Seils v. Rochester City Sch. Dist.*, 199 F.R.D. 506, 509 (W.D.N.Y. 2001) ("The moving party has the burden of demonstrating its entitlement to intervene."). While accepting "as true the non-conclusory allegations of the motion[,]" courts applying Rule 24 "must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009) (internal citations and quotation marks omitted).

For intervention as of right under Rule 24(a)(2), the moving party must show: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may practically impair the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994); *Del. Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 508 (S.D.N.Y. 2015).[4] "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." *Authors Guild v. Google, Inc.*, No. 05-CV-8136, 2009 WL 3617732, at *1 (S.D.N.Y. Nov. 4, 2009) (internal quotation marks omitted); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) ("Denial of the motion to intervene is proper if *any* of these requirements is not met." (emphasis added)).

Under both relevant provisions of Rule 24, the threshold inquiry is whether the application for intervention is timely. Among the factors to be considered are: "(1) how long the

---

[4] The Second Circuit has expressly approved consideration of the same factors in certain circumstances under Rule 24(b) permissive intervention as in intervention as of right under Rule 24(a)(2). *See R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Pitney Bowes*, 25 F.3d at 70.  While courts use these four factors as a guide, the determination of whether a motion to intervene is timely must be "evaluated against the totality of the circumstances before the court."  *D'Amato*, 236 F.3d at 84 (citation and internal quotation marks omitted); *see also Pitney Bowes*, 25 F.3d at 70 (explaining that "timeliness defies precise definition"); *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594–95 (2d Cir. 1986) ("The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion."); *Authors Guild*, 2009 WL 3617732, at *2 (noting "the district court's discretion is broad" in intervention cases).  Nevertheless, "[t]he length of time the applicant knew or should have known of his interest before making the motion" is "[a]mong the most important factors" to be considered in determining timeliness.  *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 233 (2d Cir. 1996) (internal quotation marks omitted); *see also Authors Guild*, 2009 WL 3617732, at *2 (same).

    2.  <u>Analysis</u>

Because of the untimeliness of Plaintiff's Motion, the Court denies his application for intervention.[5]  Plaintiff seeks to intervene in a lawsuit commenced by ScentSational against

---

[5] PepsiCo Defendants argue that Plaintiff's Motion to Intervene "under Rule 24(a) is improper because he filed his Motion in an action in which he is already a party." (Defs.' Opp'n 1.)  Though it may be unusual for a party to request intervention, Rule 24 does, in fact, permit "anyone" to intervene.  Fed. R. Civ. P. 24(a) (identifying the circumstances under which "the court must permit *anyone* to intervene" (emphasis added)); *see also Known Litig. Holdings, LLC v. Navigators Ins. Co.*, No. 12-CV-269, 2014 WL 6388787, at *4 (D. Conn. Nov. 14, 2014) (rejecting contention that a "motion to intervene should be denied because Rule 24 applies only to non-parties").

PepsiCo on December 5, 2013, (*see* Dkt. No. 1 (No. 13-CV-8645 Dkt.)), yet he only took steps to do so as of July 21, 2015. "Rule 24(a) requires courts to measure timeliness from the moment when the applicant had actual or constructive notice of its unrepresented interest." *Floyd*, 302 F.R.D. at 86. Here, Plaintiff had actual notice of his allegedly unrepresented interest at least as of March 11, 2014, when he "discovered" through an internet search "that a company named ScentSational . . . had sued PepsiCo for some kind of 'misappropriation of trade secrets.'" (SAC ¶ 79.) Moreover, as of December 5, 2013, Plaintiff already had constructive notice based on the commencement of the ScentSational Suit in which he seeks to intervene. *See Floyd*, 302 F.R.D. at 89 ("Numerous courts have found that . . . the initiation of a lawsuit where the complaint addresses the would-be intervenors' interests may trigger constructive notice."); *see also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006) (finding motion to intervene untimely based, in part, on the fact that the related litigation's "complaint and other filings . . . are publicly available for anyone to access"); *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir. 1988) (finding motion to intervene untimely because the proposed intervenors could have moved when they "were aware of this and related litigation"); *Citizens Against Casino Gambling in Erie Cty. v. Hogen*, 704 F. Supp. 2d 269, 282 (W.D.N.Y. 2010) (finding the proposed intervenor had "notice" based on the prior filing of two related lawsuits), *aff'd*, 417 F. App'x 49 (2d Cir. 2011).

"In most instances, a motion to intervene based on a claim that was known, but not acted upon, for a period of years would be untimely." *Aristocrat Leisure*, 262 F.R.D. at 353; *see also Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001) (holding 12-month delay to be untimely for purposes of intervention); *Catanzano*, 103 F.3d at 232–33 (denying intervention where the motion was filed at least 18 months after the applicants should have

known of their interest in the litigation); *United States v. State of N.Y.*, 820 F.2d 554, 557 (2d Cir. 1987) (denying motion to intervene where 15 months elapsed after the applicant knew or should have known of the unrepresented interest). Even delays of less than one year can render such motions untimely. *See MasterCard*, 471 F.3d at 390–91 (finding a delay of less than one year untimely for intervention purposes); *see also In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198–99 (2d Cir. 2000) (holding that an eight-month delay rendered a motion to intervene untimely). Here, it is clear Plaintiff had 16 months of actual notice and 19 months of constructive notice by the time he filed his Motion in July 2015. This extensive delay between having notice and seeking intervention exceeds many of the cases where a Rule 24 motion was deemed untimely. *See, e.g.*, *Pitney Bowes*, 25 F.3d at 70–71 (denying motion to intervene where the applicants had eight months of actual notice and 15 months of constructive notice); *Beam v. HSBC Band USA*, No. 02-CV-682, 2004 WL 944522, at *1 (W.D.N.Y. Mar. 30, 2004) (denying motion to intervene where the applicants had 10 months of actual notice and 15 months of constructive notice).[6] As a result, the Court finds his Motion untimely.

Because Plaintiff has failed to satisfy the threshold requirement of timeliness, he cannot intervene as a right, and the Court need not consider the remaining criteria of Rule 24(a). *See Chevron Corp. v. Donziger*, No. 11-CV-691, 2013 WL 150006, at *2 (S.D.N.Y. Jan. 14, 2013) ("The untimeliness of the motion is alone sufficient to warrant denial of the request to intervene as of right."); *Disability Advocates, Inc. v. Paterson*, 03-CV-3209, 2009 WL 5185807, at *6 n.14 (E.D.N.Y. Dec. 23, 2009) ("Having denied intervention as of right on timeliness grounds, the

---

[6] Plaintiff provides no explanation to excuse his delay in filing, thereby underscoring the untimeliness of the Motion. *See D'Amato*, 236 F.3d at 84 (finding motion to intervene untimely where the proposed intervenor "offer[ed] no explanation for waiting to file his intervention motion").

court need not consider the other requirements under Rule 24(a)" because "failure to satisfy even one requirement defeats a claim to intervention as of right").[7] Thus, notwithstanding Plaintiff's assertions of "a common interest," (Pl.'s Mem. 4), the absence of a timely motion defeats his claim to intervention as of right.[8]  The Court accordingly denies Plaintiff's Motion to Intervene.

B. Consolidation

Plaintiff alternatively moves for consolidation of the instant Action with the ScentSational Suit.  (*See id.* at 10 ("Plaintiff asks the Court to allow Plaintiff to intervene in the ScentSational . . . lawsuit against PepsiCo and/or to [at] least consolidate hearings.").)

---

[7] Even assuming, for argument's sake, that his application was timely, Plaintiff's Motion to Intervene would fail nonetheless.  In its Opinion and Order dismissing Plaintiff's claims against PepsiCo Defendants, the Court determined that Plaintiff has no legal interest in the patents at issue in the dispute between ScentSational and PepsiCo.  *See PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, No. 12-CV-911, 2014 WL 4199244, at *7–8 (N.D.N.Y. Aug. 21, 2014) (denying motion to intervene where "[t]he patents at issue are owned by [the plaintiff], and [the proposed intervenor] has no interest in them").  As such, he has no legally protectible interest in intervening in that proceeding, *see Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 873 (10th Cir. 1986) (finding motion to intervene properly denied where movant had no interest in the patent at issue after the court approved the parties' dismissal of the claim on that patent); *U.S. ex rel. Burr v. Blue Cross & Blue Shield of Fla., Inc.*, 153 F.R.D. 172, 175 (M.D. Fla. 1994) (denying motion to intervene where the movant had no legally protectible interest in a subsequent proceeding after his own action was dismissed with prejudice by the district court), and, therefore, cannot demonstrate a right to intervene, *see Floyd v. City of N.Y.*, 302 F.R.D. 69, 86 (S.D.N.Y. 2014) (requiring that the proposed intervenor have "a significant protectable interest relating to the property or transaction that is the subject of the action"), *aff'd in part and appeal dismissed in part*, 770 F.3d 1051 (2d Cir. 2014).

[8] Because Plaintiff moves for intervention pursuant to Rule 24(a)(2), (*see* Mot. 5), the Court decides the Motion under that provision but nonetheless notes it would deny Plaintiff permissive intervention under Rule 24(b) for the same reason, *see Catanzano*, 103 F.3d at 234 ("A motion for permissive intervention, like one for intervention of right, must be timely."); *see also NAACP v. State of N.Y.*, 413 U.S. 345, 365 (1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'  If it is untimely, intervention must be denied."); *Chevron*, 2013 WL 150006, at *4 (denying permissive intervention "for untimeliness[,] irrespective of the existence of common questions of fact or law").

10

1. Applicable Law

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  In contrast to intervention, consolidation is not granted as of right.  See Fed. R. Civ. P. 42(a) (explaining that "the court *may*" order actions consolidated (emphasis added)).  Thus, district courts have broad discretion to determine whether consolidation is appropriate under the particular circumstances presented.  See *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 160 (S.D.N.Y. 2005).  In deciding whether consolidation is appropriate, "the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation."  *Sheet Metal Contractors Ass'n of N. N.J. v. Sheet Metal Workers' Int'l*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997); *see also KGK Jewelry LLC v. ESDNetwork*, No. 11-CV-9236, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) ("Even if the explicit standards of Rule 42 are met, the decision whether to order consolidation is discretionary with the court." (internal quotation marks omitted)).  Consolidation is warranted where it promotes "judicial economy," *Johnson*, 899 F.2d at 1285, and serves to eliminate "the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts," *Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) (internal citations omitted).  Before granting consolidation, a court must determine that "the parties will not be prejudiced" from it.  See *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007), *reconsideration granted in part on other grounds sub. nom. In re IMAX Sec. Litig.*, No. 06-CV-6128, 2009 WL 1905033 (S.D.N.Y. June 29, 2009).  "[A]t all times, the burden remains with the moving party to demonstrate that consolidation is appropriate."  *In re*

*Currency Conversion Fee Antitrust Litig.*, No. 01-MDL-1409, 2009 WL 1834351, at *2 (S.D.N.Y. June 18, 2009).

      2. <u>Analysis</u>

Plaintiff has not met his burden of showing that consolidation would promote judicial economy or do so without prejudicing the Parties. *See Haas v. Brookhaven Mem'l Hosp.*, No. 07-CV-4788, 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) (concluding that the movant "has made no showing on the record that consolidation would assist judicial economy or that unnecessary delays or confusion in the resolution of these proceedings would be avoided by consolidation"). Notably, judicial economy would not be served by consolidating two actions at such disparate stages.

As for the instant Action, the Court today granted Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint. The ScentSational Suit, on the other hand, is currently in the midst of discovery, with dispositive motions to be soon fully submitted. (*See* Dkt. No. 76 (No. 13-CV-8645 Dkt.).) Clearly, Plaintiff's suit and the suit with which he seeks to consolidate "are at different stages of the litigation." *Ruane v. Cty. of Suffolk*, 923 F. Supp. 2d 454, 461 (E.D.N.Y. 2013). Consolidation, therefore, advances no Party's interests here. *See id.* (holding that "judicial economy would not be served through consolidation[,] as these two actions are at different stages of the litigation"); *In re Currency Conversion Fee*, 2009 WL 1834351, at *2 (denying consolidation where one case was just beginning discovery and another was nearing the end of the pretrial process); *Nnebe v. Daus*, No. 06-CV-4991, 2008 WL 706579, at *2 (S.D.N.Y. Mar. 5, 2008) (denying request for consolidation where "joining the two actions would inevitably stall the progress of the [more advanced] action"); *Marshall v. Nat'l Ass'n of Letter Carriers*, No. 00-CV-3167, 2003 WL 223563, at *4 (S.D.N.Y. Feb. 3, 2003) (concluding

"consolidation would not . . . serve the interests of justice in light of the pendency of the instant motion practice"); *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y. 1971) (denying consolidation of cases with "common questions of law and fact" where "their respective calendar positions vary greatly").

To that end, consolidation would interfere with the two proceedings, delaying rather than expediting the disposition of those cases and increasing expense to the Parties.  *See Envirco Corp. v. Clestra Cleanroom, Inc.*, No. 98-CV-120, 2002 WL 31115664, at *3 (N.D.N.Y. Sept. 24, 2002) (denying motion for consolidation on the basis of unnecessary delay, notwithstanding the movant's claim that the same patent was "at issue in each case"); *European Cmty. v. RJR Nabisco, Inc.*, 150 F. Supp. 2d 456, 461 (E.D.N.Y. 2001) (holding that "the cost of such delay is not outweighed by the fact that the . . . [c]ases to some extent share common legal and factual issues").[9]  Given this risk of prejudice to the Parties from such unnecessary delay, the Court denies Plaintiff's Motion to Consolidate.[10]

---

[9] While "the absence of prejudice to defendants [may be] indicated by the fact that none of them ha[s] opposed, and some have affirmatively moved for, consolidation," *Lloyd v. Indus. Bio-Test Labs., Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1978), the vehement opposition by PepsiCo Defendants further affirms the risk of prejudice from consolidation in the instant Action. (*See, e.g.*, Defs.' Opp'n 2 ("In this case, . . . consolidating the cases would only cause additional delay and expense to the [P]arties.").)

[10] Some courts have suggested that "the fact that discovery has progressed further in [one] action should not, standing alone, prevent consolidation." *Internet Law Library*, 208 F.R.D. at 62.  However, the Court notes that the extreme difference in the stage of each case calls for a different result here.  *See, e.g.*, *Nnebe*, 2008 WL 706579, at *2 (finding "the respective procedural postures of these cases strongly weigh against consolidation the actions" where "joining the two actions would inevitably stall the progress of the [more advanced] action").

13

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Intervene and/or Consolidate is denied.

The Clerk of the Court is respectfully requested to terminate the pending Motion. (Dkt. No. 84.)

SO ORDERED.

DATED:   January 26, 2016
             White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

14